IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORI D. FURR, individually as natural
parent, and as the Personal Representative
Of the ESTATE OF ANGELA A. VANCLEAVE,
Deceased,

        Plaintiff,

vs.                                              No. CIV 05-313 MCA/RLP

FORD MOTOR COMPANY, a foreign corporation
Doing business in the State of New Mexico and
COOPER TIRE & RUBBER COMPANY a/k/a
COOPER TIRE, a foreign corporation doing
Business in New Mexico,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT FORD MOTOR COMPANY'S
## MOTION TO STRIKE EXPERT WITNESS, PERMITTING LIMITED ADDITIONAL
## DISCOVERY AND MOTION PRACTICE, AND IMPOSING SANCTIONS

Plaintiff's decedent was a passenger in a 1987 Ford Bronco II, who died following a rollover accident. Plaintiff filed suit against Defendant Ford Motor Company alleging product liability. (IPTR, Docket No. 18).

This matter comes before the court on Defendant's Motion to Strike Plaintiff's Expert Witness, based upon Plaintiff's failure to disclose the witness and provide his expert witness report within the court ordered disclosure deadline. The basic facts are not in dispute.

Pursuant to court order, Plaintiff was required to disclose the identity of all expert witnesses and provide reports of all retained or specially employed experts on August 15.

2005. (Docket No. 18). Plaintiff filed a "Designation of Expert Witnesses," on August 16, 2005, listing numerous non-retained experts. [1] (Docket No. 21). Defendant served its expert witness list on Plaintiff on October 7, 2005, six days after the deadline stated in the court's Order. (Docket Nos. 18 & 24). On October 12, 2005, Plaintiff filed a supplemental witness list, for the first time disclosing a Mr. Anderson as her expert on issues of accident reconstruction, vehicle dynamics, vehicle design and alternative design. (Docket No. 25). The Discovery deadline in this case expired on November 7, 2005. (Tr. 18). The deadline for filing motions relating to discovery has passed. (Tr. 18). The deadline for filing dispositive motions expires on December 26, 2005. (Tr. 18). Trial is scheduled for May 9, 2006.

Plaintiff contends that her failure to timely disclose Mr. Anderson on August 15 was unintentional, due to "clerical miscues" in both lead and local counsels' offices, compounded by the death of lead counsel's father the month before. The court finds this explanation disingenuous, given the fact that Plaintiff timely disclosed non-retained experts, and the deadline for expert witness disclosure did not differentiate between specially retained and non-retained experts. Further, the court notes that Mr. Anderson's expert witness report bears the date of September 29, 2005, 6 weeks after the disclosure deadline, and was sent to Plaintiff's counsel under cover of a letter dated October 5,

---

[1] The individuals disclosed were medical personal or law enforcement officers, who would testify to the injuries suffered by Plaintiff's decedent and the investigation of the accident.

2005.  (Docket No. 28, Ex. 1).  It appears that Plaintiff had not retained Mr. Anderson in a timely manner, or had not advised him of the date his report was due.

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that where a party fails to make a disclosure required by Rule 26(a) or Rule 26(e)(1), that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless.  See Fed.R.Civ.P. 37(c)(1).  The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1).  Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan.1995).  While Rule 37(c)(1) is written in mandatory terms, the court is vested with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed.  See Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir.1999) (recognizing that Rule 37(c) vests broad discretion with the trial court).

Sanctions should not be imposed under Rule 37(c)(1) where the failure to disclose was substantially justified or harmless.  For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance.  Nguyen v. IBP, Inc., 162 F.R.D. at 680.  "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure."  Id.

Whether a Rule 26(a) violation is justified or harmless is a question entrusted to the broad discretion of the district court.  A district court need not make explicit findings

concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide the court's discretion:  (1) the prejudice or surprise to the party against whom the testimony is offered;  (2) the ability of the party to cure the prejudice;  (3) the extent to which introducing such testimony would disrupt the trial;  and (4) the moving party's bad faith or willfulness. <u>Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.</u>, 170 F.3d at 993.

Applying these factors to the record before me, I conclude that Plaintiff's failure to comply with her obligations under Rule 26(a)(2)(A) and (B) was not substantially justified.  The court's order (Docket No. 18) contained a single date for Plaintiff to identify her expert witnesses.  Plaintiff was aware of that deadline and met it with regard to non-retained experts.  There is no reason, nor does Plaintiff posit a reason, why there would be any confusion in calendaring this deadline.  Given the date of his expert witness's report, it appears that Plaintiff was simply dilatory in engaging and/or obtaining a report from Mr. Anderson.

I also find that Plaintiff's non-compliance was not harmless.  Noncompliance is harmless only when there is no prejudice to the opposing  party. <u>In re Independent Service Organizations Antitrust Litigation</u>, 168 F.R.D. 651, 653 (D.Kan.1996).  Defendant did not have the benefit of evaluating Mr. Anderson's report before engaging and/or supplying information for review by its own experts.  In weighing the element of prejudice or surprise, the court must take heed of the purposes underlying Rule 26(a)(2).

> [T]his subdivision [26(a) ] imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement.
>
> The revised rules eliminate the former process of "trial by ambush," and mandate full disclosure of relevant information necessary to evaluate the case or to prepare for trial at an early stage of the proceedings. Disclosure of all opinions and the basis of the opinions is consistent with the broad and liberal discovery contemplated under the federal rules. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Beller v. U.S., 221 F.R.D. 689, 693 (D. N.M. 2003).

As for the second and third Woodworker's factors, the court recognizes that trial in this case is five months away. That fact affords a greater ability to cure any prejudice to the to Defendant, and minimizes the possibility of trial disruption. However, the court cannot disregard the disruption that has already occurred as a result of Plaintiff's deficient disclosures. Rule 26(a)(2) is designed to facilitate case management and the discovery process. Plaintiff's untimely disclosures disrupted those objectives. To suggest that sanctions are inappropriate because the trial court could extend discovery deadlines and/or trial dates would effectively reward Plaintiff's non-compliance.

With respect to the fourth Woodworker's factor, Defendant has not offered any evidence that would demonstrate that Plaintiff's failure to comply with Rule 26(a)(2) was the product of bad faith or willfulness. However, Plaintiff's good faith alone may not be enough to overcome the other three factors. Cf. Jacobsen v. Deseret Book Co., 287 F.3d 936, 955 (10th Cir.2002), cert. denied, 537 U.S. 1066, 123 S.Ct. 623, 154 L.Ed.2d 555 (2002). Plaintiff should not be permitted to ignore her disclosure obligations and then

avoid sanctions simply by claiming her deficiencies were careless rather than willful.

Fed.R.Civ.P. 37(c)(1) governs sanctions for disclosure improprieties. The primary goal of Rule 37 sanctions is to deter misconduct. The selection and imposition of sanctions lies within the sound discretion of the court. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir.1994); "The sanction imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." Sender v. Mann, 225 F.R.D. 645, 657 (D. Colo. 2004), quoting Hite v. The PQ Corp., 1998 WL 895893, *2 (D.Kan.1998). After considering the Woodworker's factors and the objectives underlying Rule 37(c), I find that the sanction specifically requested by Defendant, striking Mr. Anderson as an expert witness, is not warranted under the facts in this case. "Exclusion of evidence is a severe sanction because it implicates due process concerns." In re Independant Service Organizations Antitrust Litigation, 168 F.R.D. at 653; Exclusion of evidence is often inappropriate unless the untimely disclosure occurs when trial is "imminent or in progress." See In re TMI Litigation Cases Consol. II, 922 F.Supp. 997, 1003-04 (M.D.Pa.1996). Courts generally impose lesser sanctions when such sanctions can remedy the prejudice resulting from the non-disclosure. In re Independent Service Organizations Antitrust Litigation, 168 F.R.D. at 653-54.

Defendant will be permitted to depose Mr. Anderson at Plaintiff's expense, assuming he has not already been deposed. Mr. Anderson and Plaintiff's counsel will make themselves available prior to January 6, 2006, for this deposition. Defendants will be permitted until January 26, 2006 within which to designate any additional expert

witnesses to address Mr. Anderson's testimony. If Defendant undertakes to file a dispositive motion based on the testimony of Mr. Anderson, Defendant shall seek specific briefing deadlines from this court on or before January 31, 2006. Finally, Plaintiff's counsel shall pay to Defendant the sum of $750.00 as attorney's fees incurred in the bringing of this motion. These costs will be paid on or before January 6, 2006.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge